IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-095-DCK

| | |
|---|---|
| PAMELA WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Dismiss Defendant's Counterclaims" (Document No. 4). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Pamela Washington ("Plaintiff" or "Washington") initiated this action on January 28, 2019, with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina. The Complaint asserts causes of action against The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health ("Defendant" or "Atrium") for: (1) discrimination and retaliation based on race and sex; (2) discrimination and retaliation based on disability; and (3) wrongful discharge based on gender, race, and disability. (Document No. 1-1). Defendant filed a "Notice Of Removal" with this Court based on federal question jurisdiction on February 27, 2019. (Document No. 1).

Defendant's "Answer To Complaint And Counterclaim" (Document No. 2) was filed on March 6, 2019.  Defendant asserts counterclaims for breach of contract and unjust enrichment based on Plaintiff's alleged failure to comply with the parties' confidential "Release and Acknowledgement of Payment and Full Accord" (the "Agreement").  (Document No. 2, pp. 38-40).  Defendant contends Plaintiff breached the Agreement by disclosing and/or publicizing its terms in the Complaint.  Id. (citing Document No. 1-1, ¶¶ 40, 41 and 138).

Now pending is "Plaintiff's Motion To Dismiss Defendant's Counterclaims" (Document No. 4) filed on March 27, 2019.  Plaintiff also filed her "Answer To Counterclaims" (Document No. 6) on March 27, 2019.  Defendant's "Memorandum Of Law In Opposition To Plaintiff's Motion To Dismiss" (Document No. 7) was filed on April 10, 2019;  and Plaintiff's "Reply To Atrium's Memorandum In Opposition…" (Document No. 10) was filed on April 17, 2019.

On April 16, 2019, the parties filed their "Joint Certification And Report Of F.R.C.P. 26(f) Conference…" (Document No. 8) and "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 9).  This case was re-assigned to the undersigned Magistrate Judge on April 17, 2019.  On April 19, 2019, the undersigned issued a "… Case Management Plan" (Document No. 11) including the following deadlines:  discovery completion – December 2, 2019;  Mediation Report – December 16, 2019;  motions – January 15, 2020;  and trial – August 3, 2020.

The pending motion to dismiss is ripe for review and disposition.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992);

Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

**DISCUSSION**

Plaintiff contends that Defendant's counterclaims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because they are frivolous, retaliatory, and fail to state a claim because

Atrium has no right to confidentiality of settlement agreements pursuant to North Carolina Public Records statutes. (Document No. 4, pp. 1-2). Plaintiff further contends that Atrium waived confidentiality by publicly revealing the terms of the Agreement and cannot bring a claim of unjust enrichment "because the law will not imply a contract where one already exists." (Document No. 4, p. 2). See also (Document Nos. 5 and 10).

In opposition, Defendant argues that: Plaintiff is relying on an inapplicable state statute; Atrium did not waive its right to confidentiality because Plaintiff disclosed the Agreement first; the confidentiality provision is enforceable; and Atrium's counterclaims are sufficient to satisfy the pleading standards of Iqbal and Twombly – moreover, Plaintiff has not alleged Atrium failed to meet those standards. (Document No. 7, pp. 1-2).

Based on the foregoing, as well as additional arguments and authority cited by the parties, the undersigned will deny the motion to dismiss, without prejudice to Plaintiff re-asserting these or similar arguments at a later stage of this litigation. The undersigned is persuaded that this issue should be subject to further development of the record and consideration and discussion by counsel. In short, it appears that Defendant's counterclaims satisfy the standard of review set forth above and that it would be premature for the Court to dismiss those claims now.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Dismiss Defendant's Counterclaims" (Document No. 4) is **DENIED**.

Signed: October 10, 2019

David C. Keesler
United States Magistrate Judge